**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| CELVIN HOUSTON, | ) | |
| | ) | Case Nos. 1:19-cv-52; 1:13-cr-37 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner Celvin Houston's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. (Doc. 174 in Case No. 1:13-cr-37; Doc. 1 in Case No. 1:19-cv-52.) For the following reasons, the Court will **DENY** Petitioner's motion.

## I. BACKGROUND

On October 6, 2016, after a three-day trial, a jury found Petitioner guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Docs. 139, 140, 143, 144 in Case No. 1:13-cr-37.) U.S. District Judge Harry S. Mattice, Jr., sentenced Petitioner to the statutory maximum of 120 months' imprisonment, to be followed by three years of supervised release. (Doc. 158.)

Petitioner timely appealed (Doc. 160), the United States Court of Appeals for the Sixth Circuit affirmed, and its mandate issued on May 29, 2018 (Docs. 170, 171).

On February 19, 2019, Petitioner filed the instant § 2255 motion. (Doc. 1 in Case No. 1:19-cv-52; Doc. 174 in Case No. 1:13-cr-37.) In his motion, Petitioner asserts that: (1) his sentence exceeds the statutory maximum; (2) his conviction was not supported by the evidence;

and (3) he received ineffective assistance of counsel because (A) his lawyer advised that he testify during trial and asked a question which allowed impeachment evidence that had been suppressed, and (B) his lawyer did not pursue all arguments on appeal that he wanted to press and waived oral argument. (Doc. 1 in Case No. 1:19-cv-52.) Petitioner's § 2255 motion is ripe for the Court's review.

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the

district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When a petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

## III.    ANALYSIS

### A.  Timeliness of Petition

28 U.S.C. § 2255(f) is a one-year statute of limitations on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, Petitioner's motion to vacate, set aside, or correct his sentence is timely because it was filed less than one year after the time to petition for a writ of certiorari expired. *Clay v. United States*, 537 U.S. 522, 525 (2003); *Cradler v. United States*, 891 F.3d 659, 665 (6th Cir. 2018) (noting that when a defendant's federal criminal judgment is affirmed and the defendant does not petition for a writ of certiorari, the judgment is final 90 days after the appellate court entered judgment).

### B. Merits of Petition

#### 1. *Length of Sentence*

Under 18 U.S.C. § 924(a)(2), a person who knowingly violates 18 U.S.C. § 922(g) "shall be fined . . . , imprisoned not more than 10 years, or both."  Under 18 U.S.C. § 3583(b)(2), the punishment for a Class C felony may include a term of supervised release "not more than three years."  *See also* 18 U.S.C. § 3559(a)(3) (providing that if the "maximum term of imprisonment authorized" for an offense "is less than twenty-five years but ten or more years," then the offense is "a Class C felony").

Petitioner asserts that because his ten-year term of imprisonment plus his three-year term of supervised release totals thirteen years, his sentence exceeds the statutory maximum.  (Doc. 1, at 4 in Case No. 1:19-cv-52.)  As the foregoing statutory discussion shows, however, a ten-year term of imprisonment and a three-year term of supervised release are authorized by the applicable statutes, meaning Petitioner's sentence did not exceed the applicable statutory maxima and cannot be vacated on that basis.

#### 2. *Evidence Supporting the Conviction*

"Generally, a challenge to the sufficiency of the evidence is not cognizable under § 2255."  *Buchanan v. United States*, 191 F.3d 451, 1999 WL 775770, at *1 (6th Cir. Sept. 24, 1999) (unpublished table decision); *see also United States v. Osborn*, 415 F.2d 1021, 1024 (6th Cir. 1969) (en banc) ("[W]e have repeatedly held that the sufficiency of the evidence to support a conviction may not be collaterally reviewed on a Section 2255 proceeding.").

Petitioner asserts that the evidence at trial did not prove that he possessed a firearm. (Doc. 1, at 7 in Case No. 1:19-cv-52.)  Such a claim is not cognizable under § 2255, and Petitioner's judgment cannot be vacated on this basis.

### 3. *Ineffective Assistance of Counsel*

To collaterally attack his conviction based on ineffective assistance of counsel, a petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Courts "must be highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Even if it falls outside that range, the petitioner must also "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner asserts that his lawyer unreasonably advised him to testify. (Doc. 1, at 5 in Case No. 1:19-cv-52.) The record reflects that Judge Mattice made clear to Petitioner that he had the right either to testify or not testify at trial, that his attorney had explained as much, and that Petitioner understood this:

> **The Court**: All right. Ms. Dunn, have you and Mr. Houston had sufficient opportunity to discuss his options regarding putting on a case? And, I mean, I presume you've informed him. Let me inform him here. Mr. Houston, you have a, here's what I would say, you have a constitutional right to testify. You have also have constitutional right [sic] not to testify. If you choose not to testify, I'm going to instruct the jury that they're not to draw any inference whatsoever from that as a matter of constitutional law. Let me ask you, Mr. Houston. Has Ms. Dunn explained all of that to you?
>
> **Defendant**: Yes, sir.

(Doc. 165, at 195–96 in Case No. 1:13-cr-37.) Absent coercion, "legal advice concerning exercise of the right to testify infringes no right." *Walker v. United States*, 238 F.3d 426, 2000 WL 1871681, at *2 (6th Cir. Dec. 11, 2000) (table). Accordingly, Petitioner cannot overcome the "strong presumption" that counsel's advice to testify was reasonable.

Petitioner asserts that this lawyer "bl[e]w [his] trial" by asking the "last question" because his answer (as would, he asserts, "any answer") allowed cross-examination about jailhouse phone calls he made—which had been suppressed—for impeachment purposes.[1] (Doc. 1, at 5, in Case No. 1:19-cv-52.) On direct examination, Petitioner testified that he had not possessed or discharged a firearm. (Doc. 165, at 224, in Case No. 1:13-cr-37 (answering "[n]o" when asked whether he "possess[ed] a weapon" or "fire[d] a weapon" at the relevant date and time).) The jailhouse phone calls, however, involved Petitioner saying things to the effect that he did not intend to shoot a person.[2] (Doc. 165, at 228–32, in Case No. 1:13-cr-37; Doc. 166, at 3–5, in Case No. 1:13-cr-36; Doc. 166, at 34–39, in Case No. 1:13-cr-37.) By exercising his right to take the stand—not because of his lawyer's last question—and making assertions about his conduct vis-à-vis the Government's allegations, Petitioner subjected himself to impeachment by way of suppressed evidence:

> In [two prior] cases, the [Supreme] Court stressed the importance of arriving at the truth in criminal trials, as well as the defendant's obligation to speak the truth in response to proper questions. We rejected the notion that the defendant's constitutional shield against having illegally seized evidence used against him could be "perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances."

*United States v. Havens*, 446 U.S. 620, 626 (1980) (quoting *Harris v. New York*, 401 U.S. 222, 226 (1971)). Petitioner therefore has not overcome the strong presumption that his lawyer's conduct fell below the norms of professional competence. Even if it had, Petitioner has not

---

[1] The last question was, "Are you difficult to understand when you're drunk and high, Mr. Houston?" to which he responded, "Nobody can really understand me." (Doc. 165, at 227 in Case No. 1:13-cr-37.)

[2] Although Petitioner was federally charged with being a felon in possession of a firearm, his offense conduct involved shooting a police officer five times. (Doc. 151, at 4–5.)

carried his burden to show that the outcome of the trial would have been different but for his lawyer's ostensible ineffectiveness.[3]

Petitioner also asserts that his lawyer failed to argue unspecified issues on appeal and waived oral argument without consulting him. (Doc. 1, at 6, in Case No. 1:19-cv-52.) Without specifying which issues Petitioner's lawyer failed to raise on appeal, it is impossible to know whether her conduct fell below the norms of professional competence, or that but for the failure to raise those issues the outcome would have been different. "[I]t is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another." *Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003) (citing *Smith v. Robbins*, 528 U.S. 259, 289 (2000)). "In such cases, the petitioner must demonstrate that the issue not presented 'was clearly stronger than issues that counsel did present.'" *Id.* (quoting *Smith*, 528 U.S. at 289). Petitioner has not done so, meaning he has not shown that his lawyer was ineffective in this respect. As for the waiver of oral argument, Petitioner has not shown that oral argument would somehow have altered the outcome of his appeal, and, indeed, the Sixth Circuit panel that heard his appeal "unanimously agree[d] that oral argument [was] not needed." (Doc. 170, at 1, in Case No. 1:13-cr-37.)

## IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2255 motion (Doc. 1 in Case No. 1:19-cv-52, Doc. 174 in Case No. 1:13-cr-37) is **DENIED**. The Government's motion to extend (Doc. 9 in

---

[3] The Government called a number of witnesses, some of whom testified that Petitioner told them he had possessed a firearm on the day in question (*see, e.g.*, Doc. 164, at 15, in Case No. 1:13-cr-37 (Alisha Houston testifying that Petitioner stated he had "lost" or "dropped" a gun that he had previously taken to the relevant area)), and that he had shot a police officer (*see, e.g.*, Doc. 165, at 142, in Case No. 1:13-cr-37 (Moniek Johnson testifying that Petitioner told her he had "shot a police [officer]")).

Case No. 1:19-cv-52) is **GRANTED**.  Should Petitioner give timely notice of an appeal from

this Order, such notice will be treated as an application for a certificate of appealability, which is

hereby **DENIED** since he has failed to make a substantial showing of the denial of a

constitutional right or "that jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court [is] correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473,

484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

       **AN APPROPRIATE JUDGEMENT WILL ENTER.**

                            **/s/ *Travis R. McDonough***
                            **TRAVIS R. MCDONOUGH**
                            **UNITED STATES DISTRICT JUDGE**